**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| SAW TECHNOLOGIES INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:26-cv-11124-MJJ |
| | ) | |
| BROOKE HERNANDEZ and | ) | |
| PROBROKER LLC | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PRELIMINARY INJUNCTION**

Upon consideration of the Joint Motion for Entry of Preliminary Injunction by Plaintiff Saw Technologies Inc. ("Saw.com") and Defendants Brooke Hernandez and ProBroker LLC ("Defendants") and upon agreement of the Parties,[1] the Joint Motion is ALLOWED, and it is hereby ORDERED that:

A. Defendants are hereby enjoined from directly or indirectly using, disclosing, transmitting, or otherwise misappropriating any Saw.com trade secrets or confidential information, including but not limited to customer lists and prospect information, pricing and valuation information, domain inventory, negotiation communications, and any other Proprietary Information as defined in the Consulting Agreement made as of December 23, 2019, by and between Ms. Hernandez and J. Matthew Inc., and assigned to Saw.com (the "Agreement");

B. Defendants are hereby ordered, within five (5) days after the date of entry of this Order, to return to Saw.com all hard copy documents and materials, and any other physical property belonging to Saw.com in her possession, custody, or control, if any;

C. Defendants are hereby ordered to coordinate with Saw.com in good faith to develop a protocol governing the forensic imaging, search, and remediation of Ms. Hernandez's personal laptop computer and all other devices or equipment Ms. Hernandez used in connection with Saw.com business or upon which Saw.com confidential information or trade secrets reside, to confirm or accomplish the deletion and non-retention of such information, as required by Section 9 of the Agreement, and such protocol shall be

---

[1] By agreeing to the entry of this Preliminary Injunction and the restrictions and obligations contained herein, Defendants do not intend to waive any rights or arguments and expressly reserve all such rights all rights or arguments, including, but not limited to, the right to challenge personal jurisdiction. Entry of this Preliminary Injunction shall not be construed as a waiver of any of Defendants' rights or arguments.

finalized and submitted to the Court as a joint proposed Order within fourteen (14) days after the date of entry of this Order;

D. Defendants are hereby enjoined from directly or indirectly soliciting any Saw.com customer or prospective lead with whom Ms. Hernandez did not have a preexisting relationship prior to the Agreement and with whom Ms. Hernandez engaged, or about whom Ms. Hernandez obtained confidential information, during the course of her engagement with Saw.com for four (4) months after the date of entry of this Order;

E. Defendants are hereby enjoined from making or disseminating statements in commercial advertising or promotion that attribute Saw.com's transactions or customer relationships to ProBroker, and will remove all references from ProBroker's website to customers or transactions to whom Ms. Hernandez provided domain brokerage services during the course of her engagement with Saw.com with whom Ms. Hernandez did not have an existing relationship prior to December 19, 2023;

F. Defendants are hereby ordered to preserve all documents, communications, and electronically stored information relating to Saw.com's customers, prospects, confidential information and trade secrets, the Agreement, and the operation and promotion of ProBroker, pending the deletion and non-retention of such information pursuant to Paragraph (B) of this Order;

G. Defendants are hereby ordered, upon entry of a Stipulated Protective Order to be agreed upon by the parties and entered by the Court, to provide information sufficient to identify all completed or in-progress deals or transactions involving the acquisition, sale, or transfer of a website domain or domains that Defendants performed brokerage services for their own benefit or the benefit of any third-party other than Saw.com from December 19, 2023 to the present, including the client or prospect name, the terms of any such completed or in-progress deal or transaction, the domain marketplace or escrow service utilized to complete the transaction, and any revenue associated therewith or expected therefrom; and

H. Defendants' deadline to respond to Plaintiff's Complaint is extended for sixty (60) days from the date of entry of this Order. The parties shall negotiate in good faith in an effort to reach a global settlement of this matter prior to the response deadline.

The Preliminary Injunction shall become effective immediately upon entry. It shall remain

in full force and effect until terminated by this Court.

SO ORDERED this 26 day of _____March_____, 2026.



/s/ Myong J. Joun
United States District Court Judge